SUMMARY ORDER
This appeal involves a copyright infringement action between Appellant Lewis Perdue (hereinafter “Appellant” or “Perdue”), author of two novels, The Da Vinci Legacy (1983) and Daughter of God (2000), and Appellees Dan Brown, Random House, Inc., and several associated entertainment companies (collectively “Appellees”), who respectively wrote, published, and made into a movie, the best-selling fiction novel The Da Vinci Code (2003).[1] After Appellant publicly alleged that Appellee Brown had, without permission, appropriated content from his two novels in creating The Da Vinci Code, Appellees filed suit against Perdue in federal court, seeking a declaratory judgment that they had not engaged in copyright infringement. Appellant promptly counterclaimed against Brown, his publisher, and the movie studios, seeking injunctive relief and $150 million in damages. In response to motions for judgment on the pleadings and summary judgment, the District Court for *123 the Southern District of New York (Daniels, J.) ruled in Appellees’ favor, granting declaratory relief to Appellees and dismissing all of Appellant’s claims. We assume the parties’ familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.[2]
We review de novo the district court’s grant of summary judgment in favor of Appellees. Arica Inst., Inc. v. Palmer, 970 F.2d 1067, 1071 (2d Cir.1992). Summary judgment is appropriate only when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c). A court must decide if “the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
To establish copyright infringement, “two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.” Feist Publ’n, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). In the case before us, the parties do not dispute that Appellant obtained valid copyrights for his books. Appellant therefore needs only to demonstrate that Appellees copied original, constituent elements of his books. In the absence of direct evidence, copying may be established by showing “(a) that the defendant had access to the copyrighted work and (b) the substantial similarity of protectible material in the two works.” Kregos v. Associated Press, 3 F.3d 656, 662 (2d Cir.1993); see also Laureyssens v. Idea Group, Inc., 964 F.2d 131, 139 (2d Cir.1992) (stating that a plaintiff must prove both “access and substantial similarity between the works” (internal quotation marks omitted)). For purposes of the summary judgment motion, Appellees have conceded that they had access to Perdue’s books. This case therefore turns on the second part of the test: “whether, in the eyes of the average lay observer, [The Da Vinci Code is] substantially similar to the protectible expression in [Daughter of God].” Williams v. Crichton, 84 F.3d 581, 587 (2d Cir.1996).
In the case before us, the district court first distinguished between noneopyrightable and copyrightable work, following “a principle fundamental to copyright law,” that “a copyright does not protect an idea, but only the expression of an idea.” Kregos, 3 F.3d at 663 (internal citation omitted); see also Warner Bros. Inc. v. Am. Broad. Cos., 720 F.2d 231, 239-40 (2d Cir.1983) (holding that “[t]he similarity to be assessed must concern the expression of ideas, not the ideas themselves”). As to the copyrightable material in Appellant’s books, the court concluded, on the basis of a comparison of “the similarities in such aspects as the total concept and feel, theme, characters, plot, sequence, pace, and setting of the [two sets of books],” that “no reasonable trier of fact could find the works substantially similar.” Williams, 84 F.3d at 587-88 (internal quotation marks omitted). On that basis, the court granted summary judgment in favor of Appellees. Having considered the matter de novo, we now affirm the decision below for substantially the reasons given by the district court.[3]
*124 We have considered all of Appellant’s arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.

. On appeal to us, Appellant claims that The Da Vinci Code “plagiarized primarily” from Daughter of God, and, "to a lesser extent,” from The Da Vinci Legacy. Appellant’s brief does not, however, develop his allegation of copyright infringement on the basis of The Da Vinci Legacy, and both parties treat this claim as essentially abandoned. We therefore only consider Appellant’s copyright infringement claim on the basis of Daughter of God.

. For a thorough summary of Daughter of God and The Da Vinci Code (which are the principal subjects of this litigation), see Brown v. Perdue, 2005 WL 1863673, No. 04 Civ. 7417(GBD) (S.D.N.Y. Aug. 4, 2005).

. The district court also decided that Appellant's unjust enrichment claims were preempted by federal copyright law, and therefore dismissed those state law claims. Appellant did not appeal that decision to us. *124 As a result, the question of whether all state law claims of unjust enrichment are preempted by federal copyright law is not before us. See Perez v. Hoblock, 368 F.3d 166, 171 (2d Cir.2004) (issues not raised on appeal are deemed abandoned); see generally Arthur R. Miller, Common Law Protection for Products of the Mind: An “Idea” Whose Time Has Come, 119 Harv. L.Rev. 703 (2006) (discussing the scope of federal preemption of state law claims under the 1976 Copyright Act).